## PRENTICE SABIN *versus* JONATHAN PHILBRICK.

Where judgment was rendered in a cause in the court of common pleas in favour of the plaintiff by an agreement in which it was stated that this was done merely for the purpose of bringing the cause to this court ; and it was here agreed that the plaintiff should have judgment for the same sum he recovered in the common pleas, it was held that the plaintiff was entitled to double costs on the appeal.

ASSUMPSIT upon a note dated January 3, 1826 for $50, payable to John Merrill or order in three months, and by him endorsed. The damages demanded exceeded the sum of fifty dollars.

The action was commenced in the court of common pleas. At January term of that court, 1827, the defendant demurred to the declaration, reserving to himself liberty to waive the demurrer and plead anew in this court ; and the plaintiff agreeing to the said reservation joined in demurrer.

At the same term it was agreed that the defendant should bring the cause by appeal to this court and that for that purpose only, judgment should be rendered in favor of the plaintiff for the amount of the note. Judgment was accordingly so rendered and the cause brought here by the defendant.

Dover
*v.*
M'Murphy.

At this term here it was agreed that judgment should be rendered in favour of the plaintiff for the amount of the note.

*Christie*, for the plaintiff, contended, that the plaintiff was entitled to double costs since the appeal ; and he relied upon the 4th section of the statute of Dec. 21, 1824.

*Mitchel* and *Sullivan*, for the defendant.

*By the court.* The statute of December 21, 1824, sec. 4, enacts " that any party aggrieved at any judgment not rendered on default of the court of common pleas in any real action, or in any personal action wherein issue has been joined, in which the damages demanded shall exceed the sum of fifty dollars may appeal, &c. And when an appeal shall be made by the defendant and he shall not reduce the damages recovered in the court appealed from, the plaintiff shall recover double costs of suit accruing on the appeal." This clause in the statute was intended to prevent appeals from the judgment of the court below, in cases where complete justice had been there done, and this case is within both the letter and spirit of the statute. A judgment was rendered by agreement in the court of common pleas, which it is now agreed was a just judgment. There was then no just cause of appeal, and the plaintiff is clearly entitled to double costs. 4 Mass Rep. 244, *Wightman* v *Hastings*.